1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN MURPHY,

            Plaintiff,

  v.

LESLIE E. TOLZIN,

            Defendant.

CASE NO. 3:20-cv-05460-RBL-JRC

ORDER TO SHOW CAUSE

Plaintiff Kevin Murphy, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's proposed complaint (hereinafter "the complaint") under 28 U.S.C. § 1915A, the Court concludes that defendant cannot be liable under § 1983 as a state actor and plaintiff has failed to state a claim upon which relief can be granted. The Court provides plaintiff leave to file an amended pleading by July 15, 2020. Plaintiff's motion to proceed *in forma pauperis* (hereinafter "motion to proceed IFP") is also pending before the Court. Dkt. 4. As it seems improbable that plaintiff can cure the deficiencies of his complaint, the Court declines to decide the motion to proceed IFP until plaintiff files an amended complaint.

ORDER TO SHOW CAUSE - 1

## I.  Background

Plaintiff, who is a pretrial detainee housed at the Pierce County Jail, alleges that on or about September 19, 2019, his Eighth Amendment rights were violated when defendant Leslie Tolzin, his court appointed counsel, made sexual comments about the size of his body parts as well as his sexual orientation. Dkt. 1-1 at 1. Plaintiff seeks injunctive relief and damages. *Id.*

## II.  Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff must also plead facts showing the defendants were acting under color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Here, plaintiff has not alleged facts sufficient to show that defendant was a state actor acting under the color of state law. Under well-settled law, when public defenders or court-appointed counsel are acting in the role of advocate, they are not acting under color of state law for purposes of § 1983. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[A]ssigned counsel ordinarily is not considered at state actor."); *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark Cty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (affirming dismissal of § 1983 claim and explaining that even assuming the public defender provided inadequate representation, because he had "assumed his role as counsel and ... had begun to perform 'a lawyer's traditional functions,' ... he was not a state actor"). *Goehring v. Wright*, 858 F.Supp. 989, 997 (N.D. Cal. 1994) ("Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority."); *see Peng v. Mei Chin Penghu*, 225 F.3d 970, 980 (9th Cir. 2003).

There are narrow exceptions to this rule, which do not appear to be applicable here. For example, a public defender or court-appointed counsel *may* be a state actor " 'when making hiring and firing decisions on behalf of the State,' and 'while performing certain administrative and possibly investigative functions.' " *Brillon*, 556 U.S. at 91 n.7 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). Additionally, "a criminal defendant's exercise of a peremptory challenge constitutes state action for purposes of the Equal Protection Clause." *McCollum*, 505 U.S. at 50.

Plaintiff's claims against defendant arise from defendant's role as plaintiff's court appointed counsel which appear to be in connection with a state criminal action. Dkt. 1-1. Although the complaint alleges that defendant made sexual comments to him, defendant was engaged in a lawyer's traditional role – a meeting in the attorney/client booth at the Pierce County

1  Jail after being appointed by the court. Dkt. 1-1 at 1. Plaintiff alleges that defendant is "responsible

2  [for] the plaintiff[']s legal needs." Dkt. 1-1 at 1. There are no allegations that defendant was acting

3  under the color of state law, that the alleged actions were "clothed with governmental authority[,]"

4  or that defendant was performing any hiring, firing, administrative, or investigative functions on

5  behalf of the state. *See Goehring*, 858 F.Supp. at 997; *Brillon*, 556 U.S. at 91 n.7 (internal

6  quotations omitted). Therefore, under these allegations, defendant cannot be liable under § 1983

7  and plaintiff has failed to state a claim upon which relief can be granted.

### III. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right that plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint following the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the complaint by reference. The amended complaint will act as a complete substitute for the complaint, and not as a supplement. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). The Court will screen the amended complaint to determine whether it contains factual allegations linking the defendant to the alleged violations of plaintiff's rights. The Court will not

authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before July 15, 2020, the undersigned will recommend dismissal of this case.

The Clerk is directed to:

1. Send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service;
2. Send copies of this order and pro se instruction sheet to plaintiff; and
3. Re-note the motion to proceed IFP (Dkt. 4) for July 15, 2020.

Dated this 15th day of June, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5